## O. A. BOWEN *v*. H. S. GILLEYLEN.

1. STATUTE. *Failure of governor to return bill after adjournment of Legislature.*

   The legislative act in relation to *quo warranto* proceedings approved January 1, 1874, after the adjournment of the Legislature, became a law independently of the governor's approval, by his failure to return the bill to the Legislature within three days after the commencement of its next succeeding session, as provided by sect. 24 of Art. IV. of the State Constitution.

2. SAME. *Presumption as to failure of governor to return bill.*

   The act above referred to having been published officially as a law, it must be presumed, in the absence of proof, that it became a law by the failure of the governor to return the bill to the Legislature, as contemplated by the Constitution, in case he disapproved it.

3. QUO WARRANTO. *In vacation. Order refusing to try case. Appeal.*

   Under the act of January 1, 1874, in relation to proceedings by information in the nature of *quo warranto*, it was the duty of the judge, where the information demanded it, and the defendant was summoned accordingly, to try the case in vacation; but if he made an order declining to do so, no appeal could be taken therefrom, such order not being a final disposition of the case. Under sect. 2608 of the Code of 1880, it is discretionary with the judge to try such cases in vacation or not.

MOTION in Supreme Court.

On the thirtieth day of June, 1880, O. A. Bowen presented to the Hon. J. A. Green, circuit judge of the First Judicial District, an information in the nature of a *quo warranto* against H. S. Gilleylen, to test the right of the latter to exercise the functions of clerk of the Chancery Court of Monroe County. The relator prayed for a hearing of his information in vacation, and the judge ordered the issuance of a summons to the defendant to appear on a day named, in vacation. On the return-day of the summons the defendant filed a motion against the hearing of the information in vacation, on the ground that the legislative act of January 1, 1874, by which it was intended to confer power upon circuit judges to try such informations, never became a law. And on the 5th of July, 1880, the judge made an order sustaining the motion of the defendant, and declined to hear the case in vacation; from which order the relator appealed to this court.

The appellee made a motion in this court to dismiss the appeal, upon the grounds, (1) that it is not prosecuted from a final judgment; and (2) because it was taken from a judgment refusing to try the case in vacation.

*Houston & Reynolds, Murphy, Sykes & Bristow,* and *Gholson & Houston,* for the motion.

1. The order appealed from is not a final judgment; and had the present appeal not been prosecuted, the case would now be on the Circuit Court docket, and for trial at the first succeeding term.

2. The order of the court below was correct. The act to amend the law in relation to *quo warranto* (Called Sess. Acts 1873, p. 22) was approved January 1, 1874. This, as the legislative journals show, was after the adjournment of the Legislature. This makes the act void, and leaves the provisions in the Code of 1871 in force. Under the Code of 1871 there could be no hearing and trial in vacation. *Hardee* v. *Gibbs,* 50 Miss. 802, 803; Cushing's Manual, sects. 2374, 2375.

*Reuben Davis, contra.*

The act in relation to proceedings by *quo warranto* (Called Sess. Acts 1873, p. 22) authorized circuit judges to try such proceedings in vacation.

But it is objected that this act never became a law, because it was approved by the governor after the adjournment of the Legislature. The journals of that session show that the Legislature adjourned on the very day that the bill was presented to the governor. By sect. 24 of Art. IV. of the Constitution, it is provided that, in such case, if the bill shall not be returned to the Legislature within the first three days of the next session it shall become a law without the governor's approval. As it is not shown by the journals of the next succeeding Legislature that this bill was returned to the Legislature, as required by the Constitution, it must be held to hav become a law.

CHALMERS, C. J., delivered the opinion of the court.

It was held in *Hardee* v. *Gibbs*, 50 Miss. 802, that under the twenty-fourth section of Art. IV. of our State Constitution the governor could not approve an act of the Legislature after the final adjournment of that body.

The principle, whether right or wrong, is immaterial here, because the act under which this suit was brought became a law independently of the governor's approval, by his failure to return it to the Legislature within three days after the commencement of its next session. Being officially published as a law, it must be presumed, in the absence of any proof, that it was not so returned, if such presumption be necessary to its validity.

The appeal before us is premature, and must on that account be dismissed. No appeal will lie from the order declining to hear the case in vacation, because it was not a final disposition of it. The order is erroneously construed by appellant as a dismissal of the case. It was only a declination to hear it in vacation. The action of the court was erroneous, because, under the law then existing, it should have been then tried. That law is now so modified by the Code of 1880, sect. 2608, that a trial in vacation rests in the discretion of the judge.

The appeal will be dismissed, and case remanded with writ of *procedendo*.